Johnson, C. J. The result of this case will necessarily depend ■ upon the construction that shall be put upon the terms of the contract to enforce which the suit was instituted. Bizzell and Owens promised to pay Brewer or order the sum of one hundred and fifty dollars, to be paid in any current notes of the Bank of the State of Arkansas. The writing was executed on the 16th day of May, A. D. 1842, and made payable on the first day of January, then next following. This court in the case of Pearson vs. Wallace, 2 Eng. Rep. 293; when defining the meaning of the terms “ current bank notes” said that “ current bank notes are such as are convertable into specie at the counter where they were issued, and pass at par in the ordinary transactions of the country.” If the parties to this contract had adopted the terms, “current bank notes,” without any restriction as to the bank from which they should issue, it would have fallen within the definition and rule laid down in the case referred to, but when it is remarked that it is confined to the current notes of the State Bank of Arkansas, it is obvious that we must depart from the strict legal signification, and have recourse to that sense in which they were generally understood and received by the people. To give to the terms used their plain and popular sense, they obviously amount to a promise to pay the sum specified in the notes of the State Bank, at their nominal value. This we conceive to be the plaiu and common sense interpretation of the contract. We will now proceed to determine whether the circuit court properly excluded the evidence offered by the defendant below. He first asked the witness to state whether the notes of the branches of the State Bank of Arkansas were in circulation in said State on the first day of January, A. D. 1843, and upon,his answering in the affirmative, he then asked him what was the Aralue of the notes of the Branches of said bank on the first day of January, 1843, and whether said notes were not the currency at that time. The court sustained the objection to the question relative to the value of the notes of the Branches of the State Bank, and ruled that he could not enquire into the matter until it was first proved that said notes were passing as money in the ordinary transactions of the country. The court erred in this respect, as it was not necessary to show that the notes of the State Bank were passing at par or considered as cash under the constructions already given to the terms of the contract. The court also erred in another particular. The contract sued upon was a pure covenant. It did not simply give the makers the privilege of discharging it in the current notes of the State Bank; but it was expressly agreed that it was to be paid in that kind of currency. Such being the case it most unquestionably devolved upon the plaintiff below to show what such notes were actually worth in money, and until he had made out his case by competent proof, he was not entitled to a judgment for any sum whatever. The bill of exceptions purports to embrace all the evidence adduced upon the trial, and it does not appear that the plaintiff showed himself entitled to any thing. The defendant below was not required to show what the notes of the State Bank were worth and could not have been expected to offer testimony upon that point, unless it was necessary to rebut such as might have been offered by his adversary. Had not the evidence been reserved, the legal presumption would have been that the notes of the State Bank were equal to specie, and that the plaintiff below was entitled to the full amount expressed upon the face of the covenant, but as the bill of exceptions purports to contain all the testimony and it is wholly silent upon that point, the presumption will not hold in favor of the correctness of the judgment of the circuit court. For this reason also the judgment must be reversed.