The opinion of the court was delivered by
Manning, O. J.
The defendants are jointly charged with the crimes of burglary and larceny, each dime being charged in a separate count of the information. Upon conviction, they were sentenced to hard labour for a term of years, and Depass appealed.
It may be well to note in the outset, that this ease differs from Eord’s, 30 Annual, 311, in this — that in that case, the indictment was for burglary alone,-and contained but one count, and a conviction of larceny under it was held bad.
The appellant relies for reversal upon a motion in arrest of judgment for this cause ; — “That the indictment (information) upon which he was convicted is, upon its face, a nullity, and all proceedings thereon are necessarily void. That it contains two counts for distinct and separate offences, and therefore is insufficient for duplicity. That these *488 offences are neither embraced in, nor denounced by the same statute* and have n 7 necessary connection or similarity, one with the other.”
The contrary has been expressly and often decided, and in one of the cases, the identical question as to the two identical crimes here charged was presented. “ Burglary and larceny may be joined in the same indictment under different counts.” Baker v. State, 4 Ark. 58. A court of very high authority thus dismisses a similar objection to that now urged ; — “It is every day’s p'.actice to charge a felony in different ways in several counts for the purpose of meeting the evidence as it may come out upon the trial; each of the counts on the face of the indictment purports to be for a distinct and separate offence, and the jury very frequently fin 1 a general verdict on all the counts, although only one offence is proved, but no one ever supposed that formed a ground for arresting the judgment.” Kane v. People, 8 Wend. 203. People v. Austin, 1 Parker Crim. 154. Another court of equal repute, considering a case, similar to this, where the first count charged burglary and the second simple larceny, and objection was made that they were distinct substantive offences, and could not be included in 1he same indictment, said it was common in practice, and there was no objection to it. Carlton v. Com. 5 Metc. 532. Com. v. Tuck, 20 Pick. 356.
The information is not then vicious for duplicity. The other ground is, that the two offences aro neither embraced in, nor denounced by the same statute, and have no necessary connection or similarity. The circumstance of inclusion in the same statute cannot be the test of legal joinder, for if that were true, all the crimes embraced in the celebrated Act of May 4, 1805, could be included in the same indictment; and as that Act embraced every crime which thereafter was punishable by our law, it would be equivalent to saying that all crimes, of whatever nature or degree, can bo included in the same indictment — a proposition, the reverse of that which the defendant’s counsel are seeking to maintain.
We suspect the latent idea in the mind of the mover in arrest is shadowed in the clause, that the two crimes “ have no necessary connection or similarity,” by which we will assume is meant, that they are not of the same generic class, and do not belong to the same family. Ford’s case, ut supra.
The objection is misapplied. A conviction of larceny under an indictment for burglary alone is bad, because to justify a conviction of a lesser crime under a charge of a greater, the two must be so related that the greater necessarily includes the less, as murder includes manslaughter. If therefore there were but one count in this information, and it was for burglary alone, a conviction of larceny would be reversed for error. Dinkey v. Com. 5 Harris, 126 as to convictions of lesser offences under charge of greater.
*489 But two distinct offences may be charged in separate counts, and •a conviction of either is unquestionably regular. Nor is it necessary that they should be of the same class, in order to justify their location in the same indictment, provided each is placed in a separate count. Bishop Crim. Prac. ji 189 et seq.
The rule, that a joinder in one count of two distinct offences is bad, has exceptions ; and this crime of burglary furnishes an illustration of them, for in England the chief exceptions are in indictments for that crime. In Tuck’s case from Pickering, cited above, the ruling was that a count, charging that the defendant broke and entered into a shop with intent to commit a larceny, and did then and there commit a larceny, is not bad for duplicity. If then in indictments for burglary, there may be joined a charge of burglary and a charge of larceny in the same count, how much more can these two charges be made in two separate counts ?
The defendant’s counsel admit that such is the practice, and that “numberless decisions to that effect” are in the books, but argue that “ we must distinguish. What is good pleading therein England and the other States) may not be good pleading here. We must not lose sight of the important fact that., since 1805 Louisiana has cast off the shackles of the common and statutory law of England.”
The pleading and mode of procedure of criminal prosecutions in England is the special feature in that system that we have retained. That is the one particular shackle that Louisiana did not cast off. The Act of 1805 enacted that thereafter the great mass of offences, known and recognised as such by the common law, should not exist in this State, and that only such acts as were declared to be criminal by that, and other statutes of this State, should be deemed criminal. And it proceeded in numerous sections to declare what were crimes, and to affix punishments to their commission. It was soon found that the list was altogether too short, and in 1817 many others were added, and more since. Instead of defining these crimes, it adopted the definitions that obtained in English law, and then by a sweeping clause provided that the “forms of indictment, the method of trial, the rules of evidence, and all other proceedings whatsoever in the prosecution of the said crimes, offences, and misdemeanours, changing what ought to be changed, shall be, except as is by this act otherwise provided, according to the said common law.” Sec. 33.
The common law authorities upon all questions of procedure in criminal prosecutions are therefore our only guides in such matters. State v. Smith, 30 Annual, 846 where this subject is elaborately discussed and settled.
J udgment affirmed.